Joseph G. English

*v.*

The City of Danville.

*Opinion filed November 8, 1897.*

1. Municipal corporations—*city's discretion in improving streets is not controlled by the courts, in absence of abuse.* The discretion of a municipal corporation in laying out, opening, widening, altering, extending, paving or grading its streets will not be controlled by the courts, in the absence of abuse.

2. Same—*when city is not liable in damages to an abutting owner.* A city is not liable in damages to an abutting owner merely because, on paving a street in front of his property, a space is left for sward, in addition to the space for sidewalk, upon the side of the street across from his property, while only a space for sidewalk is left in front of the property in question.

*English* v. *City of Danville,* 69 Ill. App. 288, affirmed.

Writ of Error to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. Ferdinand Bookwalter, Judge, presiding.

This was an action on the case by Joseph G. English, plaintiff in error, brought in the Vermilion circuit court, against the city of Danville, defendant in error. The amended declaration alleges that he is, and for more than twenty years has been, the owner and occupant of a certain lot in the city of Danville having a frontage on the east side of Gilbert street of two hundred feet; that Gilbert street runs north and south the entire length of the city, and is one of its principal residence streets, and is forty-nine and one-half feet, or three rods, wide for a distance of three blocks, including the block on which plaintiff's lot is situated; that by the general ordinances of the city it is provided that sidewalks on three-rod streets should be nine and three-fourths feet wide; that by ordinance of May 23, 1895, it was ordered that Gilbert street, for these three blocks, should be improved by setting curb-

ing on each side of the same, at an average distance of
fifteen feet from the center line of the street; that along
the west side for these three blocks the city, contrary to
the provisions of the aforesaid ordinances, and unneces-
sarily, arbitrarily, unjustly and wrongfully, put, and suf-
fered to be put by the lot owners along said west side,
permanent stone curbing twelve feet from the center line
of the street, whereby those lot owners are permitted to
enjoy a space of twelve and one-half feet, viz., five feet
for sidewalk and seven and one-half feet for sward, shade
trees, parks, statuary and ornaments, thereby beautify-
ing, ornamenting and enhancing in value these lots, while
on the east side for these three blocks the city, on No-
vember 19, 1895, contrary to the ordinances, and unneces-
sarily, arbitrarily, unjustly, inequitably and wrongfully,
put permanent stone curbing nineteen feet east of the cen-
ter line of the street, leaving only five and three-fourths
feet for a sidewalk and allowing no space on that side
for sward, etc., as was allowed on the other side, and
thereby greatly depreciated the market value of the lots
on the east side, including plaintiff's lot; that there was
no public demand or necessity for travel or convenience
requiring the curbing to be so placed as aforesaid, but
that it was done unnecessarily, etc., and through favorit-
ism; that thereby plaintiff's lot is injured and greatly de-
preciated in value generally, and especially in this: that
its Gilbert street front is not as handsome and inviting
in general appearance; that it does not have an equal
degree of safety with a lot having a wider sidewalk in its
front; that it does not have an equal opportunity with
the west side lots for sward, etc.; that it is more subject
to annoyance from dust, danger and noise necessarily
caused by the public travel and traffic in its front; that
it is made less inviting and desirable to purchasers seek-
ing lots for residences, and that it is otherwise injured
and depreciated in its market value by the acts aforesaid;
lays damages at $1200.

The defendant demurred generally and specially to the declaration, one of the special reasons being, that it alleged no abuse of discretion vested by law in the city as to the manner of making public improvements, nor any fraudulent or wrongful intent, nor any facts from which any abuse of discretion or fraudulent intent must necessarily follow. The court sustained the demurrer, and the plaintiff brought error in the Appellate Court for the Third District, which court affirmed the judgment, and he has further prosecuted this writ of error in this court.

D. D. EVANS, for plaintiff in error.

G. F. REARICK, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

A municipal corporation has full power to lay out, establish, open, alter, widen, extend, grade and pave, or otherwise improve, streets and sidewalks therein, and its discretion in so doing will not be controlled by the courts, unless it manifestly abuses such discretion. It is clear that the declaration in this case does not set forth sufficient facts to give rise to the conclusion that the city of Danville abused the discretion vested in it, in the improvement of Gilbert street. While the roadway of the street was located nearer to the lot lines on the side on which the plaintiff's property was situated than on the other side, still, sufficient space, so far as the declaration shows, was left for a sidewalk, and the mere fact that an additional space of seven and one-half feet was left next adjoining a similar space on the other side of the street, for sward, the planting of trees and other ornamentation, would not, under the mere allegation that it was done wrongfully, unnecessarily and through favoritism, sufficiently show that the city had abused its discretion in improving the street. It is apparent that had no space been left on the west side of the street for the ornamen-

tation before mentioned, and only five and three-fourths feet left for a sidewalk, as on the east side, the plaintiff would not have had, upon the terms of his own declaration, any ground of complaint, although it would have left the space for sidewalks on each side of the street less than that provided by the ordinances, which space, as alleged, was required by the ordinances to be nine feet, for, so long as a sufficient space was left for a sidewalk, the abutting property owner would have no right of action simply because such space was not as wide as the ordinances provided it should be.

The case as made by the declaration is a very different one from *Carter* v. *City of Chicago*, 57 Ill. 283. In that case the city was enjoined from so changing its roadway as to leave no space whatever for a sidewalk on the west side of the street, while a space of fourteen feet was left on the other side, where it appeared that the purpose of the city and its officers was to compel the property owners upon the west side of the street to relinquish for the purposes of a sidewalk a certain space twelve feet in width in front of their lots, which had been dedicated or reserved for the express purpose of court-yards in front of their property. The bill showed a gross abuse of power on the part of the city, and a purpose, by the exercise of such power, to oppress the owners of property having the benefit of such court-yards. In the case at bar the city has not attempted to deprive the abutting property owners of a sidewalk, nor of a sufficient space in front of their property upon which to construct a sidewalk, and much less does it appear that the discretion of the city was exercised for any such oppressive and unlawful purpose as was disclosed by the bill in the case mentioned.

As the allegations of the declaration must be construed most strongly against the pleader, it may well be that the property owners owning property abutting on the west side of said Gilbert street had, in advance of the improvement of the street by the city, and at their own

expense, built sidewalks and improved the said space ad-
joining it as a sward, and ornamented and otherwise im-
proved it by the planting of trees, and that the roadway
of the street was located as it was by the city to avoid
the destruction of such improvements.    Such a state of
things is entirely consistent with the allegations of the
declaration.    Or the city, so far as anything appears to
the contrary, may have had other sufficient grounds for
its action which would make it apparent that no oppres-
sive, unlawful or malicious use was made of the discre-
tion vested in it by law.    It devolved on the plaintiff in
error to allege such facts and circumstances as would
show an abuse of discretion on the part of the defendant,
and that his property was damaged thereby.    In that he
failed, and the demurrer was properly sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS, having passed upon this case in
the Appellate Court in and for the Third District, took
no part in this decision.